## George W. Reed et al., Appellants, v. John Ziemans, Appellee.

1. BROKERS AND FACTORS—*when real estate commissions cannot be recovered.* If the broker has been guilty of bad faith to his principal in connection with the consummation of the sale for which he claims commissions, no recovery can be had.

2. VERDICT—*how incapacity of juror may not be established.* The mental incapacity of a juror is not ground for reversal unless established by affidavits of persons competent to testify to such mental incapacity.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908. Rehearing denied December 17, 1908.

CHARLES M. PEIRCE and W. W. WHITMORE, for appellants.

CHARLES I. WILL and BARRY & MORRISSEY, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* by the firm of Reed & Welch, real estate agents, against John Ziemans and Frank McKennan, to recover commissions alleged to be due them under a written contract for services rendered in procuring the exchange of certain of their real estate for other property belonging to one Mickelberry. Judgment was rendered in the Circuit Court

for the defendants and the plaintiffs appeal. By the first count of their declaration they seek to recover upon a *quantum meruit,* and by the second an alleged stipulated commission of $960, being one dollar per acre. McKennan was defaulted and Ziemans pleaded the general issue.

The evidence discloses that Ziemans and McKennan each owned an undivided one-half interest in certain lands in Iroquois county, Illinois; that the property in question was encumbered to the extent of $21,000; that McKennan owed $6,050 to other parties for which Ziemans was security; that they owed jointly $3,811.35; that on June 15, 1905, they entered into a written agreement which recited the existence and character of the aforesaid indebtedness and then provided that McKennan should convey the land to Ziemans; that $1,000 should be borrowed by them to be secured by a trust deed upon the land to one Welty; that out of the proceeds of such loan Welty should pay the joint indebtedness of the parties and apply the balance on the indebtedness of McKennan for which Ziemans was security; that the property should be sold as soon as consistent with the best interests of the parties, and out of the proceeds each of them should be repaid any advances made by them, and the balance, if any, should be divided between them, McKennan agreeing to protect Ziemans against any deficit. One Mickelberry owned a building and stock of goods at Clinton, Illinois, which he had listed with appellants for sale or exchange. Through the efforts of appellants negotiations were begun between McKennan and Mickelberry for the exchange of the Iroquois county farm for said Clinton property, which finally terminated, on May 9, 1906, in a written contract between Mickelberry, Ziemans and McKennan for the exchange of the property. Said contract provided that all deeds and papers necessary for the proper transfer of the property should be executed and delivered to a bank in Bloomington, to be held in escrow and delivered to

the respective parties in interest as soon as the pro-
visions of the contract were complied with.   It also
provided that the personal property should be con-
veyed by bill of sale to a trustee for McKennan's use,
as provided in a certain contract to be entered into
between McKennan and Ziemans, and which was to be
of even date therewith.   Ziemans and McKennan were
unable to agree upon the terms of said latter proposed
contract, and the same was never executed.   Appellee
thereupon refused to abide by the contract of exchange
and the same was never consummated.   McKennan
then filed a bill for specific performance against ap-
pellee and Mickelberry and appellant instituted the
present action.

The evidence tends to show that appellants were
employed by McKennan and rendered the services for
which they seek to recover and that they were the pro-
curing cause of the contract between Ziemans, McKen-
nan and Mickelberry; but appellee contends, and so
testified, that he neither employed, nor agreed to pay
appellants a commission for their services.

It is not controverted that during the time negotia-
tions for an exchange of the two properties were pending
appellants entered into an arrangement with Mickel-
berry whereby Mickelberry agreed to pay to them a
commission of $500 in the event that the proposed
deal was consummated.   There is evidence tending to
show that appellants also agreed with McKennan to
divide with him such commissions as they might re-
ceive in the transaction, and further that Ziemans was
not a party to or cognizant of either of such agree-
ments for the payment and division of commissions.
While it is true that the evidence upon that issue was
in close conflict, if the jury gave credence to the testi-
mony of Ziemans they were warranted in finding that
the latter agreement was in fact made and that Zie-
mans had no knowledge of either of such agreements
and did not consent thereto.

It follows that as appellants were in the employ of

both Mickelberry and Ziemans without the knowledge or consent of Ziemans they were guilty of bad faith toward the latter and cannot recover commissions from him. Bunn v. Keach, 214 Ill. 259.

It is contended by counsel for appellants that the effect of the contract between McKennan and Ziemans was to constitute them partners in the ownership of the farm and that Ziemans was therefore bound by the acts of McKennan in the premises.

The obvious purpose of Ziemans in entering into the contract was to procure a settlement with McKennan to obtain security for the money he had advanced as well as that for which he was liable on surety for him, and to facilitate the sale and conveyance of the property. It was in no sense a joint venture or enterprise within the meaning of the law governing partnerships and the rule invoked is therefore inapplicable.

We have carefully considered the objections urged to the rulings of the court upon the instructions, and are satisfied that the same are not prejudical to appellants. It is insisted that a new trial should have been granted for the reason that it developed after the trial that a member of the jury was mentally incompetent to sit as such. It will suffice to say that such fact does not satisfactorily appear from affidavits of those whose evidence would be competent upon the question. The merits of the case appear to be clearly with appellee, and inasmuch as no error harmful to the appellants was committed upon the trial the judgment will be affirmed.

*Affirmed.*