LEMMA, Respondent, vs. SEARLE and another, Appellants.

*January 28—April 8, 1913.*

*Negligence: Gross or ordinary: Destruction of property: Pleading: Findings: Costs: Taxation: Error in trifling amount: Appeal.*

1. A finding that want of ordinary care was the proximate cause of the destruction of property negatives gross negligence or wilful destruction.
2. A complaint alleging that "defendants, without the permission, knowledge, or consent of this plaintiff, and without any right or authority, destroyed and burned" plaintiff's wood, does not necessarily charge gross negligence, but will support a judgment for damages caused by ordinary negligence.
3. There is no statutory authority for taxing costs for drafting the report of a referee and making copies to keep and serve; but the sum of $6.10, taxed for such items, is too trifling to call for any further relief on appeal than the reduction of the judgment by that amount.

APPEAL from a judgment of the circuit court for Polk county: FRANK A. ROSS, Circuit Judge. *Modified and affirmed.*

Action for wrongful destruction of plaintiff's property.

Complaint was made to the effect that, in the spring of 1907, plaintiff owned and possessed, on certain lands specified, wood of the value of $600, which defendants, without his permission, set fire to and burned up.

Defendants answered thus: The land on which the wood was located was the property of defendant *Searle*. In 1905,

he licensed plaintiff to place a mill thereon. After operating the mill for some time he removed it, leaving a large amount of wood, sawdust, and rubbish on the land. Thereafter *Searle* employed defendant *Horton* to clean up the premises and fit the same for a farm. In so doing the wood was burned. Long prior thereto plaintiff ceased to have any right to occupy the premises and abandoned the wood as worthless.

Such proceedings were taken that a referee appointed to hear, try, and determine the case made findings to this effect: At the time of the fire plaintiff was occupying the land by permission of *Searle,* the owner. *Horton* in executing the latter's order to clean up the premises did not use reasonable care to avoid burning the wood. Thereby destruction thereof occurred. The wood was reasonably worth $446.80.

On such facts plaintiff was awarded judgment with interest from the time of the destruction of the wood.

The court found, further, that negligence of defendant *Horton,* acting under direction of defendant *Searle,* was the proximate cause of plaintiff's loss without any want of ordinary care on his part contributing thereto.

Judgment was rendered accordingly.

For the appellants the cause was submitted on the brief of *Morris E. Yager,* attorney, and *Holland & Lovett,* of counsel.

*Frank B. Dorothy,* for the respondent.

The following opinion was filed February 18, 1913:

MARSHALL, J. The questions presented for consideration do not merit more than brief treatment—some hardly to be mentioned.

Some errors assigned go to the question of whether the findings of fact were warranted. It is sufficient to say in respect thereto that we are unable to see any good ground for holding any thereof to be contrary to the clear preponderance of the evidence.

The point is made that the court erred in refusing to find the wood to have been wilfully burned. The finding that want of ordinary care was the proximate cause of the destruction, necessarily, negatives gross negligence.

The further point is made that the complaint was for gross negligence,—intentional destruction,—and that, without amendment, it would not support a judgment for damages caused by ordinary negligence. There seem to be several answers to that, rendering the authorities upon which counsel rely inapplicable. The charge in the complaint is very general. The pleader's language is: "defendants, without the permission, knowledge, or consent of this plaintiff, and without any right or authority, destroyed and burned" plaintiff's wood. That is quite ambiguous. It covers the circumstances of burning through ordinary negligence, burning through gross negligence, and intentional burning. There was no motion to make more definite and certain nor any motion for plaintiff to elect as to the theory of his case. In that situation the court below was right in reading out of the pleading any theory which the evidence would support entitling plaintiff to relief.

Complaint is made because the court approved of the taxing of $6.10 for drafting the report of the referee and making copies to keep and serve. There is no statutory authority for taxing such items, but the amount is too trifling to call for any further relief than a modification of the judgment.

*By the Court.*—The judgment appealed from is modified by reducing it to the extent of $6.10, and as modified affirmed with full costs in this court.

Vinje, J., took no part.

A motion for a rehearing was denied, with $25 costs, on April 8, 1913.