CURTICE, Respondent, vs. CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

*January 8—February 5, 1918.*

*Railroads: Injury to employee: Interstate commerce: Amendment of
complaint: Changing cause of action: Decision on former ap-
peal: Law of the case: Contributory negligence: Reduction of
damages.*

1. The decision of this court on a former appeal in an action for in-
jury to a railway employee, that by amending the complaint so
as to allege that the parties were at the time engaged in inter-
state commerce, thus bringing the case under the federal stat-
ute, plaintiff did not change the cause of action originally
pleaded or substitute a different one, is adhered to.
2. In a verdict assessing plaintiff's damages for personal injuries at
$5,750, a finding that such damages should be diminished only
$1,250 on account of his contributory negligence is *held* to have
been justified by the evidence.

APPEAL from a judgment of the circuit court for Brown
county: HENRY GRAASS, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries
sustained by the plaintiff on October 9, 1911, when one of
the defendant's passenger trains ran into and collided with a
freight train of the defendant on which the plaintiff was em-
ployed as conductor.

This case was before this court on appeal from a judgment
of the circuit court dismissing plaintiff's complaint, which
was reversed by this court and the cause was remanded to the
circuit court for further proceedings according to law. The
original complaint and answer, the amended complaint and
amended answer, with the proceedings thereon in the circuit
court, and the judgment of dismissal entered by the circuit
court upon the first trial, are fully set forth in the statement
of the case on the former appeal of the case to this court and
are reported in 162 Wis. 421 *et seq.,* 156 N. W. 484. We
need not repeat here what is there stated.

Upon *remittitur* from this court the case was retried in the circuit court before a jury and a special verdict was rendered wherein it was found that the engineer of the passenger train failed to exercise ordinary care at the time of the collision; that such failure was the proximate cause of the plaintiff's injury; that the plaintiff failed to exercise ordinary care which proximately contributed to his injury; that plaintiff sustained loss and damage to the sum of $5,750; that such damages should be diminished in the sum of $1,250 on account of the plaintiff's contributory negligence.

Defendant moved the circuit court to direct a verdict in its favor on the grounds (1) that it appeared as a matter of law that there was no cause of action; (2) that the record shows that the action was commenced either as a common-law action or under the statute law of Wisconsin, and that it was amended during the first trial of this case to an alleged cause of action under the federal law, which amendment was made at a time more than two years after the accident, and that such amendment constituted a change of the cause of action, and that the statute of limitations under the federal statute barred the cause of action alleged in plaintiff's amended complaint.

The motion was denied. After verdict and before judgment the defendant filed alternative motions: (1) for judgment for the defendant upon the undisputed evidence, notwithstanding the special verdict of the jury; (2) for judgment for the defendant notwithstanding the verdict, for the reason that the amendment of the complaint set forth a new cause of action under the federal Employers' Liability Act, and that such action was barred by the federal statute of limitations; (3) for an order setting aside the special verdict and each and every part thereof, and for judgment upon the undisputed evidence; (4) for an order changing the answer to the third question of the special verdict from "Yes" to "No" and for judgment for the defendant upon such cor-

rected verdict; and (5) in the event of the denial of such motions, then for an order setting aside the special verdict and granting a new trial.

Plaintiff, after verdict, moved to amend the complaint to ask for damages in the sum of $5,750, and moved for judgment in favor of the plaintiff for the sum of $4,500 and costs. The court granted judgment in favor of the plaintiff for $4,500 and costs. Judgment was entered accordingly, and this is an appeal from such judgment.

*R. N. Van Doren* of Milwaukee, for the appellant.

For the respondent there was a brief by *Martin, Martin & Martin* of Green Bay, and oral argument by *P. H. Martin.*

SIEBECKER, J.   The defendant asks this court most earnestly that we re-examine the grounds of the decision on the former appeal of this case, and insists that the rule of law therein applied to the case is contrary to the established law of the federal and state adjudications on the subject.   It is contended that the decision on the former appeal, holding that the amendment of the plaintiff's complaint there involved did not constitute a departure from the cause of action alleged in the original complaint, should be modified, and that this court should now hold that the amendment of the complaint introduced a different cause of action from the one originally stated, and that the two-year limitation of the federal statute effectively barred the cause of action alleged in the amended complaint.   Upon consideration of the questions presented we are satisfied that the former decision of this court must stand as declaring the law applicable to the case and that the trial court properly applied the law to the litigated issues.

It is contended that the sum awarded by the jury in diminution of plaintiff's damages on account of his failure to exercise ordinary care is wholly inadequate.   We have examined the record and the claims of the appellant on this point.

It is considered that the verdict of the jury on the question of damages is justified by the facts and circumstances of the case and that it should not be disturbed.

*By the Court.*—The judgment is affirmed.

WINSLOW, C. J. (*concurring*). I wish to state my own position in this matter. I agreed entirely with the decision rendered by this court upon the first appeal in this case, 162 Wis. 421, 156 N. W. 484. I thought then, and think now, that it was logically right and founded on solid principle, to wit, the principle of the liberal construction of pleadings to accomplish the ends of justice. There was but one accident. Its details were set forth in the first complaint as well as the grounds of negligence on which liability was claimed. True, it was not alleged that the defendant was an interstate railroad or that the train was an interstate train, but I cannot convince myself that this fact should have the effect claimed by the appellant. As matter of fact the train *was* an interstate train and the plaintiff *was* engaged in interstate commerce at the time, hence he *had but one cause of action,* namely, the cause of action under the federal statute. He had no cause of action at common law or under any state statute because the action given by the federal act superseded all other remedies. When, therefore, an action was commenced by the service of summons and complaint, the complaint setting forth the details of the very accident in question and the negligence claimed, it should, in my judgment, be held to be an action to enforce the only cause of action which the plaintiff really had, namely, the federal cause of action, and if the complaint proved to be defective in some part amendment should not be held to change the cause of action, but rather to supply a missing allegation. Courts should be keen to save a cause of action from the effect of mistakes of the pleader rather than to cut it off.

The case of *Seaboard A. L. R. Co. v. Renn,* 241 U. S. 290,

36 Sup. Ct. 567, seems by implication, though not by express decision, to hold a different doctrine from this, and were the question presented to us as an original question on this appeal there would be a strong argument in favor of the proposition that we ought now to follow the intimation of the federal supreme court. For myself, I very much doubt whether that court will itself follow the intimation when the question is squarely presented for decision.

There are other considerations, however, which make it unnecessary to consider the question now. This court from very early times has held the doctrine that a proposition once decided by this court in a case becomes *res adjudicata* and the law of the case in its subsequent stages both in the lower courts and in this court. *Ellis v. N. P. R. Co.* 80 Wis. 459, 50 N. W. 397; *Noonan v. Orton,* 27 Wis. 300; *Keystone L. Co. v. Kolman,* 103 Wis. 300, 79 N. W. 224. I am content to follow that doctrine now. I see no good reason for making an exception because the case is one which may ultimately go to the federal supreme court.