HAFEMANN,.. Administrator, Appellant, vs. SEYMER, Respondent.

*September 17—October 12, 1926.*

*Limitation of actions: Complaint charging both gross and ordinary negligence: Amendment to omit gross negligence: Subsequent amendment, after statute has run, to re-allege gross negligence.*

1. A complaint ·which charged· a physician ;with ordinary negligence causing the death of plaintiff's wife cannot be amended to allege gross negligence, after the four-year limitation under sub. (3), sec. 330.21, and sec. 330.50, Stats., has run; there being a substantial distinction between ·such causes of action. pp. 179, 180.
2. Where the original complaint in a death action alleged both ordinary negligence and gross negligence, but an amended complaint omitted the latter, the action, as respects a later amendment re-alleging gross negligence, stands as being from its commencement an action based on ordinary negligence only. p. 181.
3. The substituting of the first amended complaint causes the original complaint to drop out of the case. p. 181.

Hafemann v. Seymer, 191 Wis. 174.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

The defendant, for compensation, was employed to and did render medical and surgical services for the wife of *Ben Hafemann* between February 19 and 24, 1921. The wife died March 2d, and a summons and verified complaint were served May 27, 1921. This process and pleading was by *Ben Hafemann* as such husband and individual only.

Other material allegations in this original complaint were to the effect:

That defendant found a condition of pregnancy and prescribed drugs and medicines which were given;

That defendant on February 24th negligently and unlawfully used and operated upon said plaintiff's wife with metal instruments for the purpose and with the intent to and thereby produced an abortion and destruction of the child;

That such were not necessary to preserve the wife's life and not advised by two physicians;

That such were unlawful and contrary to the statute;

That solely as a result of such unlawful, negligent, and criminal operation infection set in, making the wife sick; causing her pain of body and anguish of mind; she died March 2d;

That by reason of the premises and defendant's unlawful and negligent acts plaintiff was put to expense, lost the comfort, society, and services of the wife, to his damage $10,000, for which sum he prayed judgment.

A verified answer was interposed. January 13, 1925, the husband was appointed administrator.

January 28, 1925, upon due proceedings, an order was made amending the summons, complaint, and all subsequent proceedings by adding the words "as administrator of the estate of Hattie Hafemann, deceased," after the words

*"Ben Hafemann"* then in the title, and granting leave to serve, file, and have stand an amended complaint.

Defendant excepted to said order and interposed a new verified answer.

Such amended complaint for a first cause of action recited the appointment as administrator; the prior relationship of husband and wife; the employment for compensation of the defendant to treat the said wife; that defendant entered upon such employment but failed to use due and proper care and skill in endeavoring to cure said wife; the finding of the pregnancy, for which he negligently and carelessly prescribed certain drugs and medicines, which were, under defendant's directions, administered to the said wife and which contained ingredients ordinarily used to produce an abortion, and that the latter fact was unknown to the said husband or wife.

That February 24th the defendant negligently and carelessly operated upon the said wife with metal instruments for the purpose and with the intent of treating her and of relieving her pain; that he negligently and carelessly used said metal instruments for such purpose and then and there negligently and carelessly produced an abortion by and with the use of such drugs and such instruments, without the consent of the said husband or wife.

That immediately prior to and during the course of said operation the defendant failed to properly disinfect said metal instruments and failed to wear upon his person the garments and appliances usually worn under similar circumstances to prevent poisonous infections, and failed and neglected to cause such garments and appliances as he did wear to be put in an aseptic condition.

That by reason of such unskilful and improper conduct by defendant infection set in, the wife was injured in her health and constitution and made violently ill, and suffered intense bodily pain and anguish of mind; as a consequence

of such infection she was confined to her bed and thereafter died, to the plaintiff's damage as such administrator in the sum of $10,000.

For a second cause of action the plaintiff repeated and re-alleged the allegations above set forth and alleged the expense to the husband in procuring necessary attendance, care, and supplies and for funeral expenses and the loss of her comfort, society, and services, to the plaintiff's personal damage in the sum of $10,000.

May 15, 1925, more than four years after the death of the wife, plaintiff obtained an order to show cause, and pursuant thereto and on May 18th an order was made permitting plaintiff to make, file, and serve a second amended complaint, with leave to defendant to plead to the same.

Such second amended complaint, after stating the above recited facts as to the prior relationship of husband and wife; her age and condition; the existence of two children; the employment by the husband for compensation of the defendant for the care and treatment of the wife, then set forth six separate causes of action with the material allegations substantially as follows:

### First.

The defendant's knowledge of the pregnancy.

That he wrongfully and unlawfully and by means of metal instruments inserted gauze and cotton into the uterus for and with the wrongful and unlawful purpose and intent of wrongfully and unlawfully producing an abortion and the expulsion of the fœtus, and did thereby wrongfully and unlawfully produce an abortion and destruction of the fœtus.

That such was not necessary to preserve the wife's life nor advised by any other physician or surgeon.

That as a result and in consequence of such wrongful and unlawful conduct infection set in, pain, suffering, and anguish followed, to her damage in the sum of $15,000.

### Second.

Same as the first just above, except that it states that defendant, with knowledge of the pregnancy, did recklessly, wilfully, and wantonly, in total disregard of the safety and life of the said wife, by means of instruments and materials, wantonly, wilfully, and in total disregard of the safety and life of the wife, produce an abortion, cause the death of the fœtus, pain, suffering, etc., to her damage in the same sum.

### Third.

That defendant negligently and carelessly prescribed and caused to be administered drugs and medicines having properties that would produce an abortion;

That he negligently and carelessly operated with metal instruments for the purpose of treating and relieving pain;

That he so negligently and carelessly operated and administered said drugs as to negligently and carelessly produce an abortion;

That in the operation he failed to properly sterilize the instruments or to wear proper and aseptic garments and appliances so as to prevent poisonous infection;

That as a consequence infection set in, she was made ill in body and mind, to her damage $15,000.

### Fourth.

Repeated the allegations of the first as above, except that it alleged expense, loss, and damage to the husband personally in the sum of $10,000.

### Fifth.

Same as the second as above, except that this was for his personal loss and damage.

### Sixth.

A repetition of the third, except that this is for his personal damages.

Defendant answered to the third and sixth and demurred to each of the others, asserting and relying upon the four-year limitation upon the right to bring such actions under

sub. (3), sec. 330.21 (formerly sec. 4224), and sec. 330.50 (formerly sec. 4251), Stats.

The demurrers being sustained, plaintiff appeals.

For the appellant there was a brief by *McGovern, Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *F. E. McGovern.*

For the respondent there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

ESCHWEILER, J.  Plaintiff contends that, inasmuch as one body of facts is found common to all of the pleadings, there is no such substantial change in the second amended complaint from the cause or causes of action asserted and relied upon by the plaintiff in the original and first amended complaint, or such a departure from those prior pleadings, as will properly sustain the demurrer under the statute of limitations as to four of the several causes of action set forth in such second amended complaint, presented more than four years after the death of Mrs. Hafemann.

It is, however, as firmly settled as a long line of consistent decisions can make it, that in this jurisdiction, whatever may be the rulings elsewhere, there is a vital and substantial distinction between an action predicated upon assertions that a defendant has breached the duty he owes of ordinary care to an injured person and a cause of action predicated upon the assertions that the defendant, in his conduct causing the injury, has done that which is designated as gross negligence. As applied here under one set of allegations the defendant is charged with having failed in his duty as physician and surgeon to exercise the ordinary skill and care required of one such; to support such charge requires proof as to what such standard of care and skill is; it may properly be defended against by evidence of the same nature; it requires but a preponderance of the evidence to uphold it; and it is subject to the defense

of contributory negligence.  Again, however, and ostensibly, at least as giving rise to a different cause of action, are allegations that there was a wrongful and unlawful purpose and intent to violate a penal statute of the state; that there was such violation, causing the injuries complained of; that the particular acts charged were done recklessly, unlawfully, wantonly, and in total disregard of safety and life, which is quite another thing, and requiring a separate and distinct standard of measurement; a higher quantity of proof, viz.: clear and satisfactory, as in all civil actions involving fraud or the violation of a criminal statute (*Peterson v. Lemke,* 159 Wis. 353, 150 N. W. 481; *O'Brien v. Fred Kroner H. Co.* 175 Wis. 238, 185 N. W. 205; *Will of Boardman,* 178 Wis. 517, 519, 190 N. W. 355; *Estate of Laper,* 181 Wis. 443, 447, 195 N. W. 323; *Will of Emerson,* 183 Wis. 437, 445, 198 N. W. 441); and does not permit the defense of contributory negligence.  That they may be both alleged in the same complaint (*Lemma v. Searle,* 153 Wis. 24, 36, 140 N. W. 65), or under our rules permitting liberal amendments, there may be, at proper times, an amendment from one to the other, does not in any way affect the substantial distinction held to exist between them.

This subject has been so fully dwelt upon and determined in our prior decisions that we shall do no more than cite the following for reference: *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 485, 128 N. W. 265; *Haverlund v. C., St. P., M. & O. R. Co.* 143 Wis. 415, 423, 128 N. W. 273; *Willard v. C. & N. W. R. Co.* 150 Wis. 234, 240, 136 N. W. 646; *Jorgenson v. C. & N. W. R. Co.* 153 Wis. 108, 116, 140 N. W. 1088; *Bentson v. Brown,* 186 Wis. 629, 633, 203 N. W. 380, 38 A. L. R. 1417.

As appears from the summary of the pleadings in the above statement of facts, the original complaint contained the allegations which would support a cause of action for damages arising out of defendant's alleged lack of ordinary

care and skill, or, as it is sometimes called, one for ordinary negligence; it also contained allegations appropriate only to, and sufficient to support, a cause of action arising out of gross negligence as these two causes of action are differentiated under our decisions and the rule above stated.

The first amended complaint, however, presenting then, for the first time, the interest or right of the estate of the deceased, is barren of allegations which would indicate an intention to plead or rely upon any claim of gross negligence; it is a pleading appropriate only to a cause of action based upon defendant's breach of duty to exercise ordinary care and skill as a medical man.

No question is raised, nor could one successfully be urged, but that the substitution of this first amended complaint in its entirety for the original complaint in its entirety causes the latter to drop out of the case for all purposes, except as it may be used as an admission as to facts therein recited, if so desired by the adversary. *Schultz v. Culbertson,* 125 Wis. 169, 171, 103 N. W. 234; *Schoette v. Drake,* 139 Wis. 18, 22, 120 N. W. 393; *Watkins v. Sims,* 81 Fla. 730, 739, 88 South. 764; *Wende v. Chicago City R. Co.* 271 Ill. 437, 442, 111 N. E. 275, Ann. Cas. 1918 A, 222; 21 Ruling Case Law, 587, 588.

Upon the substitution, therefore, of the first amended complaint the original complaint and all therein charging a cause of action for gross negligence was and were no longer in existence, and the action as it then stood, at plaintiff's own election, must be stamped as being from its commencement one for ordinary negligence only, as it became then characterized by plaintiff himself by one of the most solemn admissions known to the law, namely, a verified pleading under advice of counsel. The action by that time had, by plaintiff's own election, lost all qualities of an action for gross negligence.

This character of the action as one for ordinary negli-

gence as distinguished from one for gross negligence then continued until more than four years had elapsed from the death of Mrs. Hafemann.

By the second amended complaint the plaintiff now clearly and distinctly sets forth a set of causes of action for gross negligence and reasserts and continues the causes of action, theretofore asserted, based upon ordinary negligence. The present assertion of gross negligence must be considered as though now for the first time asserted and subject to the attack made upon it by the demurrer asserting the statute of limitations. To hold otherwise would be to let a party and his pleader blow hot and cold with the same breath. The primary purpose of pleadings is of course to apprise one's adversary and the court as to the nature of the claim or defense, and such primary purpose should still be preserved, no matter how liberal may be the rule established by statute or decisions as to construction and amendment of pleadings and procedure. Here plaintiff, exercising the right liberally extended to him to amend during the litigation, deliberately elected to withdraw from the consideration of the court, while the statute of limitations was still running, a cause of action for gross negligence which had been clearly and distinctly asserted in the first complaint, and he should be now held bound by such deliberate action.

There being, therefore, in effect the assertion of a new and separate cause of action, namely, one for gross negligence, set up in the four several causes of action in the second amended complaint, such were properly subject to the plea of the statute of limitations, and the ruling supporting the demurrer on that ground is squarely within the prior holding of this court in *Meinshausen v. A. Gettelman B. Co.* 133 Wis. 95, 101, 113 N. W. 408; and which is controlling here. See, also, 21 Ruling Case Law, 586;

*Andrews v. Marsden,* 278 Pa. St. 56,. 122 Atl. 171, 29 A. L. R. 636.

Cases holding as do those relied upon by plaintiff on this appeal, that a complaint alleging facts upon which a cause of action may properly be asserted either under the laws of a state or the federal laws may be properly amended after the federal statute of limitations has run by the mere addition of words to the original complaint to the effect that both parties were engaged in interstate commerce at the time of the transaction in question, we deem not in · point or controlling in that regard here; such,. for instance, as *Curtice v. C. & N. W. R. Co.* 162 Wis. 421, 425, 156 N. W. 484 (*S. C.* again in 166 Wis. 594, 166 N. W. 444),. in which· the defendant itself asserted in its answer prior to the amendment the fact of the transaction being in interstate commerce; or *Seaboard A: L. R. ·Co. v. Renn,* 241 U. S. 290, 293, 36 Sup. Ct. 567, recognizing that if an amendment merely expands or amplifies what is already asserted it is not affected by the intervening lapse of time; but where it interposes a new or different cause of action it cannot arrest the running of the statute. See, also, *N. Y. Cent. & H. R. R. Co. v. Kinney,* 260 U. S. 340, 43 Sup. Ct. 122; *Nash v. M. & St. L. R. Co.* 141 Minn. 148, 169 N. W. 540. Nor is *Bruheim v. Stratton,* 145 Wis. 271, 129 N. W. 1092, involving a trespass, in point.

The plaintiff's assertion, therefore, of .causes of action based upon charges of gross negligence were properly subject to the plea of the bar of the statute as presented by the demurrer.

*By the Court.*—Order affirmed.