Bentson, Administrator, Respondent, vs. Brown, Appellant.

*November 12—December 7, 1926.*

*Judgment: Res adjudicata: Finding of ordinary negligence bar to subsequent action for gross negligence: Distinction between ordinary and gross negligence.*

1. An issue once litigated in one cause of action is *res adjudicata* in a different cause of action between the same parties, the doctrine of *res adjudicata* being firmly established in this state.   p. 461.

2. A judgment in a personal injury action that defendant was guilty of ordinary negligence is *res adjudicata* as to what kind of negligence he was guilty of in a subsequent action between the same parties based on defendant's gross negligence.   p. 463.

3. The distinction between ordinary negligence and gross negligence is that the former lies in the field of inadvertence and the latter in the field of actual or constructive intent to injure. p. 463.

APPEAL from an order of the circuit court for Vernon county: R. S. COWIE, Circuit Judge. *Reversed.*

Action by plaintiff as administrator of the estate of his deceased son to recover damages for the death of the son alleged to have been caused by the gross negligence of the defendant. A former action between the same parties for the same damage based upon ordinary negligence on the part of the defendant was tried and resulted in a judgment for the defendant. See 186 Wis. 629, 203 N. W. 380. In that action it was determined by the verdict and judgment that the defendant was guilty of ordinary negligence and that the deceased was guilty of contributory negligence—hence the judgment for defendant. The defendant pleaded the former adjudication as a defense in this action. The plaintiff's demurrer to the defense was sustained, and the defendant appealed.

For the appellant there·was a brief by *C. J. Smith* of Viroqua and *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent the cause was submitted on the brief of *Higbee & Higbee* of La Crosse.

VINJE, C. J. Was the defense pleaded a good defense? The solution of the question depends upon a few well established principles of law. These are: The doctrine of *res judicata* is firmly established in this state. *Boring v.*

*Ott,* 138 Wis. 260, 119 N. W. 865; *Patrick v. Patrick,* 139 Wis. 463, 121 N. W. 130; *Rahr v. Wittmann,* 147 Wis. 195, 132 N. W. 1107; *Zohrlaut v. Mengelberg,* 158 Wis. 392, 148 N. W. 314, 149 N. W. 280. An issue once litigated in one cause of action is *res judicata* in a different cause of action between the same parties. *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589; *Cromwell v. County of Sac,* 94 U. S. 351; 24 Lawy. Ed. 195. In *Grunert v. Spalding* the rule is thus stated:

"The rules governing the efficacy of judgments in subsequent litigation between parties and privies are well established, and may be formulated thus: In a second litigation between the same parties or privies upon the same cause of action, the judgment is absolutely final as to their rights in that cause of action as to all things, not only those which were in fact litigated and decided by the court, but also those which might have been so litigated and decided. On the other hand, in a subsequent litigation between the same parties or their privies upon a different cause of action, the judgment is only conclusive as to those issues which were in fact adjudicated. *Van Valkenburgh v. Milwaukee,* 43 Wis. 575, 580; *Wentworth v. Racine County,* 99 Wis. 26, 74 N. W. 551; *Cromwell v. County of Sac,* 94 U. S. 351, 356; *Last Chance M. Co. v. Tyler M. Co.* 157 U. S. 683, 15 Sup. Ct. 733; *Southern Pac. R. Co. v. U. S.* 168 U. S. 1, 18 Sup. Ct. 18."

In *Cromwell v. County of Sac,* 94 U. S. 351, as to an issue in a different cause of action between the same parties, the rule is stated as follows:

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and

determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

In the present case we have the same parties in their same qualities, but we have a different cause of action. The first action was upon ordinary negligence. See 186 Wis. 629, 203 N. W. 380. This cause of action is upon gross negligence. Ordinary negligence and gross negligence are not the same, and in our state do not grade into each other. The former lies in the field of inadvertence; the latter in the field of an actual or constructive intent to injure. *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 128 N. W. 265; *Willard v. C. & N. W. R. Co.* 150 Wis. 234, 136 N. W. 646; *Jorgenson v. C. & N. W. R. Co.* 153 Wis. 108, 140 N. W. 1088; *Haverlund v. C., St. P., M. & O. R. Co.* 143 Wis. 415, 128 N. W. 273; *Lemma v. Searle,* 153 Wis. 24, 140 N. W. 65; *Hafemann v. Seymer, ante,* p. 174, 210 N. W. 373.

The question as to what kind of negligence the defendant was guilty of was litigated on the former trial and it was adjudged that he was guilty of ordinary negligence. A judgment to that effect was entered. That judgment was affirmed by this court, and it stands as a final judicial determination that the defendant was guilty of ordinary negligence. The correctness of that judgment cannot be tested in another action. Plaintiff had the right to allege both ordinary and gross negligence in his complaint. *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 128 N. W. 265. He chose to limit himself to ordinary negligence alone, which he established, and the judgment establishing that is a finality. Had he failed to establish ordinary negligence he might have maintained an action for gross negligence. *Astin v. C., M. & St. P. R. Co., supra.* The essence of the doctrine of *res judicata* is that a matter once litigated rests as the final judgment in that matter. *Boileau v. Rutlin,* 2 Exch. Rep.

665; *Last Chance M. Co. v. Tyler M. Co.* 157 U. S. 683, 15 Sup. Ct. 733; *Fitch v. Stanton,* 190 Fed. 310.

The trial court's theory that different evidence may be produced upon the new trial would do away entirely with the doctrine of *res judicata* and might result in judgments that the conduct of a. party upon a given occasion is both ordinary negligence and gross negligence,—a situation we have said cannot exist.

The issue in the former case was the kind of negligence the defendant was guilty of, and it was established that he was guilty of ordinary negligence. That adjudication settles the fact that he cannot be guilty of a totally different kind of negligence.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer.