PARDEEVILLE ELECTRIC LIGHT COMPANY, Appellant, vs. PUBLIC SERVICE COMMISSION and another, Respondents.

*February 7—June 12, 1941.*

100

102

For the appellant there were briefs by *Bogue, Sanderson & Kammholz* of Portage and *James J. McDonald* of Madison, and oral argument by *Mr. David Bogue* and *Mr. McDonald*.

For the respondent Public Service Commission there were briefs by the *Attorney General,* and *Harold H. Persons* and *H. T. Ferguson,* assistant attorneys general, and *Philip H. Porter,* chief counsel, and oral argument by *Mr. Persons* and *Mr. Ferguson.*

For the respondent village of Pardeeville there were briefs by *Loomis, Roswell & Chambers* of Mauston, and oral argument by *Orland S. Loomis.*

The following opinion was filed April 15, 1941:

MARTIN, J.   The plaintiff Electric Company contends that the court erred in refusing to grant judgment dismissing the proceedings, (1) because the commission never acquired jurisdiction of the acquisition proceedings, or if it had, then it lost such jurisdiction by failure to follow statutory provisions; (2) that the commission had neither right nor jurisdiction to proceed until a court of competent jurisdiction had determined the ownership of the hydroelectric and other prop-

erty conveyed to the electric company in 1933. It is further contended that the court erred in failing to adjudge the just compensation as determined by the commission to be unlawful because, (1) in the commission's order of July 13, 1936, just compensation was determined on the basis of value as of the date of the vote, August 15, 1933, instead of the date of the order, July 13, 1936; (2) that the second order of the commission dated October 13, 1937, determined the just compensation on the basis of the value as of August 15, 1933, instead of the date of the order; and (3) that the order of the commission of July 18, 1938, determined the just compensation on the basis of the value as of August 15, 1933, instead of the date of the order. Other errors are assigned, but because of the view we take of this case, the additional errors need not be considered.

Plaintiff's contention that the commission never acquired jurisdiction in the acquisition proceedings is based upon the theory that this was a voluntary acquisition of utility property under sec. 66.06 (8), Stats., rather than an adversary proceeding under sec. 197.01 (3), Stats. We think the initial proceeding taken by the village board on July 6, 1933, clearly shows that the proceedings were adversary under sec. 197.01 (3), Stats. The resolution adopted by the village board reads in part as follows:

"Whereas, the village board is of the opinion that the public interest will be served by the purchase of the electric-utility plant and equipment owned by the Pardeeville Electric Light Company, used and useful for the convenience of the public, situated in the village and vicinity of Pardeeville, Wisconsin."

The resolution further provides:

"That the village of Pardeeville acquire said plant and equipment."

"Be it further resolved, that the question as to whether the village of Pardeeville shall acquire such plant and equipment

aforesaid shall be submitted to a referendum vote of the electors of said village at a special election to be held on the 1st day of August, 1933, and that the question to be submitted shall be worded as follows:

"Question: Shall the electric-utility plant and equipment owned by the Pardeeville Electric Light Company in the village of Pardeeville and vicinity, used and useful for the convenience of the public, be acquired by the village of Pardeeville?"

The notice of the referendum election and the question submitted to the electors indicates clearly adversary proceedings under sec. 197.01 (3), Stats. The adversary character of the proceedings is more definitely shown by the resolution of the village board adopted July 28, 1933, which canceled the referendum election to be held on August 1, 1933, and set a new date for August 15th. That resolution in part reads as follows:

"Whereas, since the passage of said resolution relating to the acquisition aforesaid a purported transfer of the water-power rights and other property of the Fox River Milling & Power Company to the Pardeeville Electric Light Company has been recorded, which purports to show the Pardeeville Electric Light Company to be the owner of much more property than was covered or contemplated by the adoption of the resolution aforesaid;

"And whereas, some confusion has arisen as to what property is included in the resolution heretofore adopted and in the question heretofore ordered to be submitted to a vote of the people and it is now deemed necessary that the question submitted be so framed as to be understood by those voting in favor of or against the same at said special election;

"And whereas, it was the intention of the village board at the time of the passage of said resolution to acquire the property of the Pardeeville Electric Light Company used and useful for the convenience of the public in the village of Pardeeville and vicinity as set upon the books of the Public Service Commission of Wisconsin, namely the distribution system

together with certain generating equipment such as generator, switchboards, regulator, bus supports and building and land used in connection therewith;

"And whereas, it is the intention of the village board that this is the property to be acquired and the question submitted to the voters should so specify the same in order that there may be no misinformation with respect to what property is included in the question submitted."

In *Lake Superior Dist. P. Co. v. Public Service Comm.* 235 Wis. 667, 673, 294 N. W. 45, the court said:

"It is considered that the contention of the plaintiff that the city initiated a proceeding for a negotiated purchase instead of an acquisition pursuant to sec. 197.01 (3), Stats., is not well taken. The language of the resolution and the fact that all steps taken subsequent to its adoption were in accordance with the provisions relating to an acquisition as distinguished from a purchase confirms this conclusion."

The plaintiff argues that because the resolution and the notice of the referendum election provided that the property to be acquired could be paid for by the issuance of mortgage bonds, that fact indicates the proceedings were a voluntary acquisition under sec. 66.06 (8), Stats. While that method of payment is applicable in voluntary acquisitions, it is also true that when the proceedings were instituted in the instant case, the same method of payment was permissible as provided by ch. 162, Laws of 1933. This chapter became effective May 26, 1933. It re-enacted sec. 66.06 (9) of the statutes and provides that bonds or mortgage certificates can be issued to provide for "purchasing, acquiring, leasing, constructing, extending, adding to, improving, conducting, controlling, operating, or managing a public utility." It will be noted that ch. 162, Laws of 1933, was enacted to carry out the amendment of sec. 3, art. XI, of our state constitution, which was adopted in the general election of November, 1932, relating

to the financing of municipally owned public utilities and providing machinery for carrying out the amendment. See *Payne v. Racine,* 217 Wis. 550, 561, 259 N. W. 437.

We fail to find any support for the contention that the commission did not have jurisdiction in the acquisition proceedings or that it ever lost its jurisdiction. However, there is a further reason why the plaintiff's contention must fail. The issue as to the jurisdiction of the commission was pleaded, litigated, and decided adversely to the plaintiff's contention in *Pardeeville E. L. Co. v. Public Service Comm., supra.* That was an action commenced September 20, 1934, to restrain the commission from proceeding further with proceedings instituted by the village for the purpose of acquiring the electric property. The parties here were parties to that action. Dr. Chandler, the principal stockholder of the Electric Company, joined as a plaintiff in the former action. Among others, the following allegations are made in the complaint in that action:

"The electors of the village of Pardeeville, by a majority vote . . . determined to acquire the electric-utility plant and equipment owned by the Pardeeville Electric Light Company used and useful for the convenience of the public in said village of Pardeeville and vicinity."

"That because of the premises set out herein, *the Public Service Commission is wholly without jurisdiction to further proceed,* and if the commission does proceed, the plaintiffs will be irreparably injured. . . ."

Since it was decided in the former action that the commission had jurisdiction in the acquisition proceedings, the judgment in that action is final on the issue of jurisdiction as between the parties to the present action who were parties to that action. *State ex rel. Littig v. Superior Court,* 231 Wis. 58, 62, 285 N. W. 419; *Milwaukee Automobile Ins. Co. v. Felten,* 229 Wis. 29, 33, 281 N. W. 637; *Bentson v. Brown,* 191 Wis. 460, 462, 211 N. W. 132.

The question of the jurisdiction of the commission having been decided, plaintiff's contention that the commission had neither the right nor jurisdiction to proceed under existing circumstances until a court of competent jurisdiction had determined the ownership of the hydroelectric and other property conveyed to the Electric Company in July, 1933, is without merit. The property to be acquired by the village is the property of the Electric Company set forth and defined in the resolution of the village board adopted July 28, 1933, and also described on the official referendum ballot. Of course, the village cannot acquire property which the Electric Company does not own, and it does not seek to do so; neither is it required to take all of the property which the Electric Company owns.

The plaintiff contends that the just compensation as determined by the commission is unlawful because it was not fixed on the basis of the value as of July 18, 1938, the date of the commission's order. The two former orders, that is, the order of July 13, 1936, and the order of October 13, 1937, were both declared unlawful by the trial court for the reasons hereinbefore stated, and were both thereafter rescinded by the commission. The only order before the court now is the order of July 18, 1938, and it appears from the face of that order that the commission fixed the amount of just compensation as of December 31, 1935, two years six months and seventeen days prior to the date of the order (award). In *Wisconsin P. & L. Co. v. Public Service Comm.* 231 Wis. 390, 407, 284 N. W. 586, 286 N. W. 392, the court said:

"The commission having ascertained just compensation on the basis of the value of the property as of June 27, 1933, when its award in fact was not made final until March 30, 1936, *we see no escape from the conclusion that its order fixing just compensation is unlawful.*"

The just compensation in that case was fixed on the basis of the value two years nine months and three days before the

date of the award. The date of the award fixes the time of taking. *Wisconsin P. & L. Co. v. Public Service Comm.,* *supra,* p. 402; *Wisconsin P. & L. Co. v. Public Service Comm.* 232 Wis. 59, 66, 286 N. W. 588. In both cases the court held that just compensation must be fixed as of the date of the commission's award. We must hold that the commission's order fixing just compensation in the instant case is unlawful.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions for the circuit court to enter judgment setting aside the order and for further proceedings according to law.

A motion for a rehearing was denied, without costs, on June 12, 1941.