PARDEEVILLE ELECTRIC LIGHT COMPANY, Appellant, vs. PUBLIC SERVICE COMMISSION and another, Respondents.

*January 19—February 13, 1945.*

For the appellant there were briefs by *Bogue, Sanderson & Kammholz* of Portage, and oral argument by *David Bogue.*

For the respondent Public Service Commission there was a brief by the *Attorney General* and *H. T. Ferguson,* assistant attorney general, and oral argument by *Mr. Ferguson.*

For the respondent village of Pardeeville there was a brief by *Roberts, Roe & Boardman* of Madison, and *Lloyd Chambers* of Mauston, and oral argument by *Mr. Glenn D. Roberts* and *Mr. Chambers.*

MARTIN, J. This is the fourth time in the past ten years that this litigation has been before this court. (219 Wis. 482, 263 N. W. 366; 238 Wis. 97, 297 N. W. 394; 245 Wis. 26, 13 N. W. (2d) 538.) The facts involved are stated in detail in the former appeals.

On this appeal we are more particularly concerned with the proceedings had before the defendant Public Service Commission and in the court below since reversal of the judgment in *Pardeeville E. L. Co. v. Public Service Comm.* 238 Wis. 97, 297 N. W. 394. Among other contentions made by the appellant on that appeal was the contention that just compensation as determined by the commission was unlawful because it was not fixed on the basis of the value as of July 18, 1938, the date of the commission's award. It appeared from the face of that award that the commission fixed the amount of just compensation as of December 31, 1935. The court held that just compensation must be fixed as of the date of the commission's award. *Wisconsin P. & L. Co. v. Public Service Comm.* 231 Wis. 390, 407, 284 N. W. 586, 286 N. W. 392; *Wisconsin P. & L. Co. v. Public Service Comm.* 232 Wis. 59, 66, 286 N. W. 588.

The judgment was reversed and cause remanded with directions to enter judgment setting aside the order and for further proceedings according to law. That judgment was reversed solely upon the ground that the commission had determined the compensation as of a date other than that of its award. Upon remand of the cause and pursuant to the mandate of this court, the circuit court vacated and set aside the commission's order of July 18, 1938, and remanded the record to the commission for the purpose of redetermining just compensation as provided by sec. 197.09, Stats. On October 30, 1941, the commission entered the following order:

"It is ordered: That a preliminary hearing be held in the above-entitled matter, at which the commission will receive evidence and argument relating solely to the amount and description of property for which just compensation is required to be fixed by the commission in this proceeding. . . ."

The order further fixed the time and place for said hearing.

It appears that a preliminary hearing was held on November 19, 1941, before one of the commission's examiners for

the purpose of determining the specific property for which just compensation should be determined. Subsequent hearings were held on April 16, 22, 23, and May 7 and 8, 1942, at which all the parties were represented by counsel. The testimony taken at all of said hearings was transcribed and filed with the commission.

On November 21, 1942, the commission made and filed its findings and order. In addition to the usual formal findings, they are in substance as follows: That the Pardeeville Electric Light Company is a public utility operating as such for the furnishing of heat, light, and power by means of electrical energy to the village of Pardeeville and its inhabitants under an indeterminate permit resulting from a franchise granted to a predecessor in interest in the year 1909; that the major part of the property of said utility is situated in the village of Pardeeville; that on August 15, 1933, said village had a referendum election duly held for that purpose determined by vote of the majority of its electors to acquire the property, actually used and useful for the convenience of the public, belonging to said Pardeeville Electric Light Company; that the property belonging to said utility and subject to acquisition by the village under the terms and conditions of the indeterminate permit under which the utility was operating was as described in its order (then follows a description of the property);

"6. That the above-described property, together with materials, supplies, and laboratory equipment, and any subsequent additions thereto and less retirements therefrom, as hereinafter referred to, constitutes all of the property of the Pardeeville Electric Light Company used and useful for the convenience of the public, and subject to acquisition by said village of Pardeeville under the indeterminate permit above referred to.

"7. That the value as of the date of this order [November 21, 1942] of said described property, as such property was and existed on December 31, 1941, including the going value of the utility and all other proper allowances, but excluding

the value of materials, supplies, and laboratory equipment on hand, and irrespective of additions or retirements made subsequent to December 31, 1941, is the sum of $24,900.

"8. That said sum of $24,900 less the value of retirements made from said described property subsequent to December 31, 1941, and up to the time of payment of just compensation herein, and plus the value of additions to said property during the same period, to be ascertained as hereinafter prescribed, together with the value of materials, supplies, and laboratory equipment also to be ascertained as hereinafter prescribed, constitutes and is the just compensation fixed and determined by this commission for the taking of the property of the Pardeeville Electric Light Company subject to acquisition in this proceeding by the village of Pardeeville."

The order of the commission in substance provides that the village of Pardeeville may at any time within four months from the date of its order pay to the person or persons entitled thereto the said sum of $24,900, together with such sum as may be added on account of materials, supplies, laboratory equipment, and net additions to said property less such sum as may be deducted by reason of net retirements; that as one of the terms and conditions of said acquisition the village of Pardeeville and the Pardeeville Electric Light Company may agree upon the amount and value of materials, supplies, and laboratory equipment belonging to the Pardeeville Electric Light Company and on hand at the time of the payment of just compensation; that in case the parties shall fail to enter into such agreement the commission upon notice by either party will fix the amount and value of such materials, supplies, and laboratory equipment on hand; and that the amount so ascertained by agreement or by determination of the commission will constitute the value of such materials, supplies, and laboratory equipment for the purpose of ascertaining the amount of just compensation; that in case of additions to, or retirements from, said property made by said Pardeeville Electric Light Company between December 31, 1941, and the

date of the payment of just compensation the amount and value of resulting net additions or retirements may be agreed upon by and between the village of Pardeeville and the Pardeeville Electric Light Company; that in case the parties shall be unable to enter into such agreement the commission upon notice by either party will fix the amount and value of such net additions and retirements; that for the purpose of ascertaining the amount of just compensation the amount of net additions, if any, will be added to or the amount of net retirements, if any, will be subtracted from the amount obtained by adding the value of materials, supplies, and laboratory equipment to the sum of $24,900; that the just compensation as herein fixed when ascertained in the manner provided will consist of the sum of $24,900 together with the amount to be ascertained as constituting the value of materials, supplies, and laboratory equipment; less or plus such further amount to be ascertained as aforesaid as constituting the value of the net additions or retirements made subsequent to December 31, 1941.

The order further provides:

"That in case any action shall be commenced to set aside, alter, or modify this order, then and in that case the time within which the just compensation herein fixed and determined may be paid by the village of Pardeeville is hereby extended to a date four months from the date of final judgment in any action so commenced."

Appellant contends that the commission's order of November 21, 1942, fixes the just compensation to be paid on the basis of a value as of a date other than the date of the award. The finding of the commission is:

"That the value *as of the date of this order* [November 21, 1942] of said described property, as such property was and existed on December 31, 1941, including the going value of the utility and all other proper allowances, but excluding the value of materials, supplies, and laboratory equipment on

hand, and irrespective of additions or retirements made subsequent to December 31, 1941, is the sum of $24,900."

It appears that the commission had made an inventory of the property on December 31, 1941. It is obvious that an inventory was necessarily made prior to the date of the commission's award. An inventory of the items of property is one thing, fixing the value of such property is another matter. The commission fixed the value as of the date of the award. Further, the award provides that in case of additions to or retirements from said property made by the utility between December 31, 1941, and the date of the payment of compensation, the amount and value of resulting net additions or retirements may be agreed upon by the village and the utility, and in case the parties be unable to agree the commission upon notice by either will fix the amount and value of such net additions or retirements; and the amount of net additions, if any, will be added to, or the amount of net retirements, if any, will be subtracted from the $24,900. Likewise, the value of materials, supplies, and laboratory equipment will be added to said sum. Following the award, appellant made a motion for a rehearing before the commission; that was denied.

In *Oshkosh W. W. Co. v. Railroad Comm.* 161 Wis. 122, 127, 152 N. W. 859, the court said:

"It is because the valuation of a utility cannot be reduced to absolute fixed rules, or to the mere appraisal of parts whose sum equals its value, that the subject is one upon which honest and competent men differ. In the last analysis it is the exercise of a sound and competent business judgment upon many elements of uncertain and debatable value considered as a business entity. Hence grave errors in arriving at and seriously affecting the final result must be shown before a valuation of the commission can be set aside." See *Lake Superior D. P. Co. v. Public Service Comm.* 244 Wis. 543, 549, 13 N. W. (2d) 89.

We are to determine whether substantial evidence existed upon which the judgment of the commission was based. *Lake Superior D. P. Co. v. Public Service Comm., supra.* From a careful consideration of all the evidence, we are of the opinion that the findings and award of the commission are amply sustained.

On the trial of the instant action in the circuit court, counsel for appellant renewed all of the contentions made before the commission. Voluminous evidence was introduced, and on June 23, 1943, the trial court entered an order that the return of the defendant commission made to the circuit court, together with a transcript of the evidence and testimony taken and received on the trial of the action, be remanded to the commission for its consideration as provided by sec. 196.44, Stats. 1941, and further provided that the defendant commission make report to the court within ninety days from the date of the order as to any modification or affirmance without modification of said order. The defendant commission thereafter made its report to the court in which it affirmed and declined to alter the order under review as originally made. Thereafter, on July 31, 1944, the court made and filed its findings of fact and conclusions of law, wherein the court found:

"1. That the findings of fact, as made and set forth in the order of the defendant commission under review in this action, are sustained by the evidence.

"2. That the defendant commission correctly determined the property of the plaintiff subject to acquisition by the defendant village of Pardeeville in the proceeding in which said order was made and which said village was entitled to acquire by virtue of the indeterminate permit under and pursuant to which the plaintiff was operating as a public utility in said village of Pardeeville.

"3. That the value of said property as found by the defendant commission in and by said order is sustained by the evidence.

"4. That the terms and conditions for the taking of said property, as made, prescribed and set forth in the order under review are reasonable.

"5. That said order was made by the defendant commission in the manner prescribed by law, and by proceedings which afforded to the plaintiff the required protection of procedural due process of law."

As conclusions of law the court found:

"The defendant commission had jurisdiction to make the order sought to be vacated, altered or amended by the commencement of this action.

"The compensation fixed and determined in said order for the taking of the property of the plaintiff therein described by the defendant village of Pardeeville has not been shown to be unlawful.

"The terms and conditions for such taking of the property as prescribed in said order have not been shown to be unreasonable.

"That said order should, in all respects, be affirmed."

These findings are amply sustained by the evidence.

Appellant's contention that the commission denied it the equal protection of the law in violation of the constitution of the state of Wisconsin and the constitution of the United States is without merit.

*By the Court.*—Judgment affirmed.