WALLACE M. MERRILL, ADM'R OF THE ESTATE OF HARRIET
KILBURN v. HARRY ALLEN.

*Fraud—Enforcement of Equitable lien.*

One who complains of fraud need only set forth in his bill the sub-
stance of the transaction and the result; evidence that the
mode of consummating the fraud varied in some respects from
the manner charged is no reason for denying relief.

One who fraudulently and with no purpose of fulfillment procures a
conveyance in consideration of an agreement to obtain a con-
veyance of other lands to the grantor, and then retains title and
possession, may be compelled in equity to pay the value of the
premises as if on a completed sale to him.

The existence of a legal remedy will not prevent resort to equity
to have the agreed consideration or the value of premises out
of which the complainant has been cheated, declared an equita-
ble lien on the lands.

Appeal from Jackson. Submitted January 18. De-
cided April 3.

BILL TO ENFORCE AN EQUITABLE LIEN. Complainant
appeals.

*Austin Blair* for complainant. The vendor of land
has a lien on it for the amount of the purchase money,
and the vendee is his trustee to that extent, 2 Story's
Eq. Jur., § 1217 *Garson v. Green,* 1 Johns. Ch., 308;
*Stafford v. Van Rensslear,* 9 Cow., 318; no agreement
is necessary to create the lien, 4 Kent's Com., 151, lect.
58; the vendor may have specific performance, 2
Story's Eq. Jur., § 790; *Champion v. Brown,* 6
Johns. Ch., 398; the lien is not destroyed by any
waiver obtained by fraud, *Converse v. Blumrich,* 14 Mich.,
123; *McDole v. Purdy,* 23 Iowa, 277; *Sears v. Smith,* 2
Mich., 243; and the party defrauded may rescind or
affirm the contract, *Bradley v. Bosley,* 1 Barb. Ch., 125.

*W. K. Gibson* for defendant.

MARSTON, J. Complainant as administrator of the

estate of Harriet Kilburn, deceased, files his bill of complaint alleging therein that in April, 1870, Mrs. Kilburn, pursuant to certain negotiations, conveyed by warranty deed certain described premises to Harry Allen in consideration of the sum of one thousand dollars; that no part of said purchase money was then or has ever since been paid; alleges that such consideration and interest thereon is a legal and equitable lien upon the premises conveyed and constitutes an equitable mortgage upon the premises and prays for a foreclosure and sale of the premises for the payment thereof.

The complainant in his bill also sets forth that at the time this conveyance was made to Allen, he, Allen, agreed to pay the consideration by procuring William Telford to convey to Mrs. Kilburn by a good and sufficient deed forty acres of land then occupied as a homestead by Telford, and that he, Allen, would pay Telford for the same in certain notes which he, Allen, then held against divers persons; that Telford had agreed to accept the same and execute said deed; that Allen had not procured such conveyance and that Telford refused to convey the same to Mrs. Kilburn. It is farther set forth in the bill of complaint that on the 21st day of April, 1870, being the next day after Mrs. Kilburn had conveyed to Allen, Mrs. Kilburn and Allen went to Telford's to complete the arrangement by procuring the deed from Telford; that Telford refused to make such a conveyance; that Mrs. Kilburn then refused to have anything farther to do with the matter, demanded back her deed of conveyance to Allen who refused to return the same, but told her she could have certain notes hereafter referred to; that said notes were taken from the table by her husband, John Dayment, who said he would go and see a lawyer about the matter; that he went away with the notes, left the country and never returned. The bill farther charges that defendant Allen accompanied Dayment in pursuance of some pre-arrangement and obtained from Dayment the notes and converted them to his own use, and that all these proceedings on the

part of Allen, Telford and Dayment were parts of a scheme to cheat and defraud Mrs. Kilburn; that her marriage to Dayment was a part of the same scheme, Dayment being a transient person, unknown in that region, and was but twenty-five years of age, while Mrs. Kilburn was forty.

Defendant in his answer admits the conveyance to him in April, 1870, by Mrs. Kilburn; the payment to her of the agreed consideration, and the taking and retaining possession of the property with the knowledge and acquiescence of Mrs. Kilburn; sets up the agreement and transaction in detail, and denies all charges of fraud. The defense may be more clearly set forth from the brief of counsel for defendant:

I. That the theory of the complainant's right to recover rests upon the statement that Allen obtained the deed from Mrs. Kilburn upon the sole consideration that he would give her in exchange certain lands owned by Telford, and that he, Allen, would pay Telford therefor certain notes which he, Telford, had agreed to accept; that this part of the complainant's case is not sustained by the proofs; that relief cannot be granted on evidence establishing a case not made by the bill, and that complainant has a full and adequate remedy at law under the case made by the bill.

II. That the case made by the bill is unsupported by the proof.

The correctness of defendant's legal propositions cannot be questioned: their application to the facts in this case may be. Where fraud is alleged as the foundation of the relief sought, it will be but seldom indeed that the complainant will be able to set forth fully the correct theory of the case in his bill. And this will be especially true where the party defrauded has died and the proceedings are commenced by his representatives. Where parties contemplate the commission of a fraud, they usually intend to conduct and carry out the entire

matter not only in secret, but to so cover up their tracks that the entire negotiations will, upon their face, appear fair, reasonable and honest, the result alone indicating the successful accomplishment of a gross fraud. Under such circumstances, to require the complainant, or in case of her death, her representatives, to set forth clearly and correctly the true theory of the fraudulent intent and purpose and the means adopted to accomplish it, would, in many cases, be equivalent to a denial of all relief. The complainant is but required to set forth the substance of the transaction and the result, and although the evidence when all in, may show that the fraud charged was successfully accomplished, but in some respects in a manner different from that charged, yet the complainant will not thereby be denied relief. *Tong v. Marvin*, 15 Mich., 64; *Wilson v. Eggleston*, 27 Mich., 261.

It is unnecessary to discuss at length the evidence in this case. We are fully satisfied that Mrs. Kilburn did not at any time contemplate a sale, or agree to sell her land to the defendant for notes which he held amounting to one thousand dollars, or for any other sum. Her object and intention clearly was to make an exchange of her property for forty acres of Telford's land with the buildings thereon, and Allen and Telford well knew such was her sole aim in making the conveyance. Mrs. Kilburn expressly refused to convey her land to Allen, or even to execute the conveyance, although the notes he was to turn out and which Telford had agreed to accept, were offered to her, and she only executed the conveyance upon being assured by an attorney that it would have no force or effect until delivered. Afterwards and on the same day, upon Telford's making and executing a deed to her of his forty acres, she delivered the deed of her land to Allen. The notes were given to Telford, her deed to Allen was at once recorded, and the Telford deed returned to him in order to procure his wife's signature thereto. Upon the following day Mrs.

Kilburn called at Telford's for the deed, Mrs. Telford refused to sign it, and Mr. Telford placed the notes he had received the previous day upon the table.   Mrs. Kilburn did not then accept the notes in payment for her land, but directed Dayment and Allen to take the notes and adopt the necessary measures to compel Mrs. Telford to execute the deed.   Dayment and Allen took the notes and went to Jackson on the same day, and were advised that Mrs. Telford could not be compelled to execute a deed conveying her homestead under such circumstances.   Dayment then proceeded to sell the notes to a relative of Allen's and left the country. There are some very suspicious circumstances in this case, and there is strong evidence throughout, tending to show that a preconceived plan was agreed upon to cheat Mrs. Kilburn out of her property and get her out of the neighborhood.

It is difficult to believe that Dayment and Allen could have gone to Jackson for the purpose stated— that on the evening of the same day Dayment should have offered to sell these notes, payable to Allen or bearer, to Allen's nephew—that Allen should have gone to this same nephew's house, remained there all night, taking breakfast there the next morning and then go to his nephew's store, and yet they, Allen and his nephew, not have seen each other.   It is equally difficult to believe that this nephew of Allen's should have purchased these notes in the manner claimed, without making any enquiries of Allen concerning them, and that some of the notes should afterwards be found in the possession of Allen, and yet the entire transaction be an honest one.   We are of opinion that a deep and well laid plan was entered into to cheat and defraud Mrs. Kilburn of her lands, and that the parties but succeeded too well in accomplishing the object they had in view.

It is claimed however that some time afterwards Mrs. Kilburn settled with Mr. Allen, paying him a small balance found his due and giving him possession of the

property; that she thereby, with a full knowledge of the facts, ratified the transaction, and that she and her representatives cannot now be heard to complain.

This position might be a complete answer to any attempt which otherwise might have been made, to have the conveyance from Mrs. Kilburn to Allen set aside on account of the fraud. Such is not however this case. The complainant proceeds upon the theory of a completed sale, and alleges a failure on the part of the grantee to pay the agreed consideration therefor. Stripped of all question of fraud, the case would stand thus: a conveyance by Mrs. Kilburn to Allen of certain lands in consideration of an agreement on his part that certain other lands should be conveyed to her in lieu thereof, and after obtaining the conveyance to himself a failure on his part to carry out his share of the agreement, he at the same time retaining the title and possession of the lands conveyed to him. Under such circumstances, where the party fraudulently obtained the conveyance having at the time no intention of procuring a conveyance to his grantor, equity should have no hesitation in treating the transaction as a completed sale and requiring him to pay the value of the premises he received and retained. The mere fact that the person defrauded might have a remedy at law would not deprive her from coming into a court of chancery and having the agreed consideration, or the value of the premises, declared to be an equitable lien upon the lands. *Bradley v. Bosley*, 1 Barb. Ch., 125; *Tobey v. McAllister*, 9 Wis., 463; *Wickman v. Robinson*, 14 Wis., 493.

The decree of the court below must be reversed and the cause remanded with instructions that a decree be entered in favor of complainant in accordance with this opinion. The defendant should be allowed ninety days to make payment of the amount due. Complainant to recover costs of both courts.

CAMPBELL, C. J. and GRAVES J. concurred. COOLEY, J., did not sit in this case.