LAFOREST *v.* BLACK.

1. APPEAL AND ERROR — QUESTIONS REVIEWABLE — GIFTS — MENTAL COMPETENCY.
    No determination is made by Supreme Court on validity of gifts of cash by disabled ward of plaintiff, widow of father of defendant stepdaughter, where plaintiff guardian has taken no cross appeal from portion of decree sustaining validity of such gifts but setting aside deeds of various parcels of real estate which the ward had executed within 7 months before being adjudicated mentally incompetent.

2. WORDS AND PHRASES—FIDUCIARIES.
    A fiduciary relationship is one founded on trust or confidence reposed by one person in the integrity and fidelity of another and embraces both technical fiduciary relations and those informal relations which exist whenever one person trusts in and relies upon another.

3. DEEDS—FIDUCIARY—UNDUE INFLUENCE—BURDEN OF PROOF.
    Existence of fiduciary relationship between defendant stepdaughter of plaintiff's ward and the ward *held,* to have been shown satisfactorily by evidence that defendant was a close business and personal confidante of the ward, had advised her, served her and procured services for her, hence, defendant had the burden of showing that conveyances of various interests in realty had not been obtained by defendant from the ward as the result of undue influence.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 702 *et seq.*
[2] 23 Am Jur, Fraud and Deceit § 14.
[3] 16 Am Jur, Deeds § 375.
[4] 16 Am Jur, Deeds § 365 *et seq.*
[5] 16 Am Jur, Deeds § 57 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 703.
[7] 5 Am Jur 2d, Appeal and Error §§ 839, 840.

4. Same—Fiduciary—Pleading.

    The specific allegations showing transactions to have arisen out of a close relationship established by defendant by which she obtained valuable interests in realty entitled plaintiff to show by adequate proofs the full extent of the relationship between plaintiff's ward and defendant, as allegation of the substance of the transaction is all that is required.

5. Same—Fiduciary—Consideration.

    Transactions by which persons standing in a confidential relationship to another who is disabled obtain valuable interests in realty from the latter without consideration are regarded by courts of equity with suspicion and are scrutinized with vigilance.

6. Appeal and Error—Chancery Cases—De Novo Review.

    The Supreme Court hears chancery cases *de novo* on the record presented.

7. Same—Setting Aside Deeds—Finding of Trial Court.

    Finding of trial court for plaintiff guardian of mentally incompetent ward in suit to set aside various conveyances of interests in realty which ward had made to defendant stepdaughter is not disturbed, since the trial court heard the witnesses testify and observed their demeanor on the witness stand and record does not indicate that a different conclusion should have been reached by the Supreme Court.

Appeal from Wayne; Piggins (Edward S.), J. Submitted February 4, 1964. (Calendar No. 25, Docket No. 49,962.) Decided June 1, 1964.

Bill by Albert J. LaForest, guardian of the estate of Jewell L. Brink, mentally incompetent, against Geraldine E. Black and others to set aside deeds and for accounting. Decree for plaintiff. Defendant appeals. Affirmed.

*Tilden M. Gallagher* and *Theodore F. Feldman,* for plaintiff.

*Langs, Molyneaux & Armstrong (Richard F. Molyneaux* and *Gerald M. Stevens,* of counsel), for defendant.

Smith, J.

### Parties to the action

Plaintiff's ward, Jewell L. Brink, is the widow of George W. Brink, who died in 1958. They were married in 1947. Geraldine E. Black and Kathleen M. Cook are daughters of the late Mr. Brink by his first wife who died in 1946. John Black is the husband of Geraldine E. Black. Mrs. Brink, who is disabled from multiple sclerosis, was adjudicated mentally incompetent on May 16, 1961. Her guardian brought this suit.

### Statement of the case

Defendant Geraldine E. Black appeals from a decree of the Wayne circuit court setting aside certain conveyances of realty and ordering an accounting of rents and profits received therefrom. Suit was dismissed below as to John Black. In the course of the transaction in question, Mrs. Cook conveyed her interest to Mrs. Black, therefore only Mrs. Black appeals.

During his lifetime, Mr. Brink acquired a sizable estate. By will, he bequeathed the bulk of his estate to his wife, Jewell Brink, with small bequests to his daughters. His death in 1958, after more than 10 years of marriage to Jewell Brink, occasioned a will contest by said daughters. As settlement, they received $14,500 in cash from the estate and a land contract receivable valued at $18,200 from Jewell Brink. No part of the settlement, however, is directly involved in this lawsuit.

For many years, George Brink and his daughters were estranged, including the period he was married to Jewell Brink. Friendly overtures by the stepmother to Mr. Brink's daughters, during his lifetime, were unsuccessful in bringing the family to-

gether. However, following the death of George Brink, Jewell Brink and defendant Geraldine Black developed what appeared to be a close, friendly relationship, seeing one another daily for many months. In addition to offering companionship, the record shows defendant assisted plaintiff's ward in a variety of ways, including motoring her about the city and helping with shopping, banking, and various business affairs. Plaintiff's ward, who testified without objection to her competence as a witness, said that as time progressed she turned over all of her business affairs to defendant, Mrs. Black. This, however, was partially disputed as being an overstatement of the relationship.

During the course of this relationship, plaintiff's ward gave $12,000 in cash to Mrs. Black and also conveyed to Mrs. Black and Mrs. Cook certain interests in realty, more fully set out below. As to the gift of cash to Mrs. Black, it was the testimony of plaintiff's ward that said gift was made out of appreciation for services rendered by Mrs. Black, and for the purpose of assisting Mrs. Black in the purchase of an automobile and the discharge of an indebtedness upon her home.

As to the real property involved, the record shows that in November, 1959, plaintiff's ward conveyed to defendants Geraldine Black and Kathleen Cook properties located on Grand River avenue and Maybury Grand avenue in the city of Detroit, reserving, however, a life estate. At the same time, plaintiff's ward conveyed to Mrs. Black a land contract interest in property located on Spokane avenue also in the city of Detroit. Subsequently, in May, 1960, plaintiff's ward conveyed to Mrs. Black the life interest previously retained in the property on Grand River avenue, also a fee interest in property located in the State of Florida. Total value of these interests was estimated to be between $68,000 and

$83,000, at the time of conveyance. Plaintiff's ward testified that the conveyances resulted from Mrs. Black's repeated insistence that the properties rightfully belonged to Mrs. Black and her sister and not to Jewell Brink. Mrs. Brink testified as follows:

"I got tired of listening to her say that probably it belonged to them and that I wasn't deserving of it and that they should have it *and it got to work on me, so I said,* 'Well, I guess they do. They should have it.' " (Emphasis supplied.)

Suit was brought by plaintiff to recover the $12,-000 gift of cash and also to have the conveyances set aside. It was alleged that plaintiff's ward did not understand the import of her actions, that false and fraudulent representations were made to plaintiff's ward, and that undue influence, coercion, and duress were exercised upon her. Defendants denied the allegations and insisted that plaintiff's ward was a competent person and fully understood the meaning of her acts.

The trial court found that a fiduciary relationship existed between plaintiff's ward and defendant Geraldine Black. The court based this finding upon the showing that Mrs. Black was a close confidante of Jewell Brink, that she assisted her in banking and the payment of bills, in financial matters and in personal problems. Business problems were discussed with Mrs. Black, money was given to her, legal services were obtained by Mrs. Black for Mrs. Brink, and a variety of other services, business and personal, were entrusted to Mrs. Black.

As to the $12,000, gift of cash given by Mrs. Brink to Mrs. Black, the court found that there was sufficient evidence adduced by Mrs. Black and verified by Mrs. Brink to sustain the gift. This finding was predicated chiefly upon the statement of Mrs. Brink that she was motivated by sympathy for Mrs. Black

and by an appreciation for kindness shown. There is no need to discuss this item further in view of the fact that plaintiff did not cross-appeal from the finding that such cash was a valid gift.

As to the several real-estate transactions the court said, "the situation is *entirely* different." The court concluded that it was doubtful if Jewell Brink knew the full significance and consequence of her act; that this, combined with her serious physical malady, her disabled condition, the absolute lack of consideration, together with all the circumstances, required the court, sitting in equity, to refuse judicial sanction to the transactions.

## Decision

Defendant claims that there was no fiduciary relationship between plaintiff's ward and defendant, and if so, the trial court could not so find in the absence of specific pleadings alleging such a relationship. The question of what constitutes a fiduciary relationship was discussed in the case of *Van't Hof* v. *Jemison,* 291 Mich 385, at page 393, and the following definition is quoted with approval.

" 'One founded on trust or confidence reposed by one person in the integrity and fidelity of another. * * * The term is a very broad one. * * * The rule embraces both technical fiduciary relations, and those informal relations which exist whenever one man trusts in and relies upon another.' Black's Law Dictionary (3d ed), Fiduciary or Confidential Relation, p 775."

On the proofs set out above, it is shown satisfactorily that defendant Geraldine Black stood in a fiduciary relationship to plaintiff's ward. She was a close business and personal confidante of plaintiff's ward, Mrs. Brink; she advised her, served her, and procured services for her. It is our opinion

that such proofs, within the context of facts herein presented, were sufficient to show existence of a fiduciary relationship.

As to whether the trial court could find a confidential relationship, in the absence of specific pleadings by plaintiff claiming such a relationship, it has been held that the substance of the transaction is all that is required. *Merrill* v. *Allen,* 38 Mich 487. From a reading of plaintiff's bill, the substance of the transaction seems plain. The specific allegations show the transaction to have arisen out of a close relationship allegedly established by defendants to obtain the property by improper influence. Under these allegations, plaintiff was entitled to show by adequate proofs the full extent of the relationship between plaintiff's ward and defendants. That the proofs established a confidential relationship is but a logical extension of proofs permissible under such pleadings. Under such circumstances, it was unnecessary to allege a fiduciary relationship, in those words.

Where a confidential or fiduciary relationship existed between donor and donee, the donee has the burden to show the validity of the gift and that he exercised no undue influence. *Van't Hof* v. *Jemison, supra.* All such transactions are regarded by courts of equity with suspicion and are scrutinized with vigilance. *Smith* v. *Cuddy,* 96 Mich 562. In further delineation of this principle, Pomeroy summarizes as follows:

"It is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fiduciary relation exists *as a fact,* in which there is confidence reposed on one side, and the resulting superiority and influence on the other. The relation and duties involved in it need not be legal; it may be moral, social, domestic, or

merely personal." 3 Pomeroy, Equity Jurisprudence (5th ed), § 956a, p 793.

Under circumstances in this case, the burden was upon defendant to show that plaintiff's ward fully understood the terms, import, and effect of the instruments of conveyance, and that such conveyances were not the product of undue influence. *Smith* v. *Cuddy, supra.*

The trial court had before it defendant's testimony that the conveyances were motivated by Mrs. Brink's appreciation for services rendered; that the conveyances did not strip Jewell Brink of her property, and that Jewell Brink was tired of concerning herself with the properties, including worry about repairs, taxes, et cetera. The trial court also had before it plaintiff's testimony of the close relationship of the parties during which defendant Mrs. Black pursued Mrs. Brink with steady pressure to transfer high value property to her and to her sister, without consideration. As noted by the trial court, consideration was also given to the fact that the conveyances were made after an acquaintanceship of but a few months, and that defendant Geraldine procured the scrivener, lawyers, witnesses, and notary for such conveyances. The court thus concluded it was not fully satisfied with the fairness of the conveyances in question or that they were the intelligent acts of Jewell Brink. In other words, defendants failed to discharge their burden of showing the gifts by conveyances not invalid.

"The trial judge heard the witnesses, observed their demeanor, and was in the best position to determine their credibility and to conclude what the facts in the case really were. Although this Court on appeal hears chancery cases *de novo,* on the record in this case this Court cannot say that we would have arrived at a different conclusion in the event

we had been in the position of the circuit judge of hearing the witnesses testify and observing their demeanor on the stand." *Straith* v. *Straith,* 355 Mich 267, 277.

Our view of the facts quoted above, and relied upon by the trial court in its decision, constrains us to conclude that we would not have arrived at a different conclusion. Therefore, the decree of the trial court is affirmed.

Affirmed. Costs to appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.