*In re* BRINK ESTATE
DESTRAMPE *v.* MITCHELL

1. APPEAL AND ERROR—REVIEW—DIRECTED VERDICT—INFERENCES—
TESTIMONY—QUESTION OF FACT.

An appellate court, in reviewing a directed verdict granted by
a trial court, will consider the testimony and all legitimate
inferences in the light most favorable to the non-moving
party.

2. WILLS — UNDUE INFLUENCE — EVIDENCE — SUFFICIENCY —
QUESTION OF FACT — DIRECTED VERDICT — PROPRIETY.

Evidence that testatrix signed her will as the result of undue
influence, fraud and misrepresentation, was sufficient to pre-
clude a directed verdict in favor of proponent of the will on
the issue of undue influence.

3. WILLS — MENTAL CAPACITY — EVIDENCE — SUFFICIENCY —
DIRECTED VERDICT — PROPRIETY.

A lack of any evidence in the record showing that a testatrix was
mentally incapacitated at the time that she executed her will
warranted a directed verdict in favor of proponent of the will
on the issue of testamentary capability.

4. TRIAL EVIDENCE—INSTRUCTIONS TO JURY—WAIVER OF OBJECTIONS.

Objections to trial court instructions to the jury are waived
when a party fails to make a timely objection and expressly
accepts those instructions.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 57 Am Jur, Wills § 453.
[3] 57 Am Jur, Wills § 928.
[4] 53 Am Jur, Trial § 827.
[5] 39 Am Jur, New Trial §§ 107, 117.

5. Trial — Courts — Instructions — Judicial Misinterpretation
—New Trial.

>A party's acquiescence in a trial court's accidental misinterpreta-
>tion of the contents of jury instructions should not work to
>that party's detriment; consequently, where plaintiff requested
>an instruction that the jury could draw any reasonable infer-
>ences from the facts and the testimony and the court re-
>sponded that such an instruction had already been given but
>the record indicated otherwise, plaintiff was entitled to a new
>trial.

Appeal from Wayne, Edward S. Piggins, J. Sub-
mitted Division 1 February 6, 1970, at Detroit.
(Docket No. 6,637.) Decided March 30, 1970.

Complaint by Alexina Destrampe, Rosemarie
Econom, and Geraldine Black against Blanche M.
Mitchell proponent of the will of Jewel L. Brink,
deceased, contesting the validity of that will.
Directed verdict for proponent. Plaintiff Black ap-
peals. Reversed and remanded.

*Bain & Shapero,* for plaintiffs on appeal.

*Russell G. Marsden,* for defendant on appeal.

Before: Levin, P. J., and J. H. Gillis and Bron-
son, JJ.

Per Curiam. This is an appeal by plaintiff from
a directed verdict in a will contest entered by a
Wayne County circuit judge after the jury had dead-
locked. The facts of this case are amply set forth in
*In re Brink Estate* (1968), 11 Mich App 413.[1]

The issues on appeal can be summarized as fol-
lows:

I. Whether the trial court erred by granting the
directed verdict?

---

[1] For further background information see *LaForest* v. *Black* (1964),
373 Mich 86.

II. Whether the trial court's instructions to the jury were erroneous because:

(a) They were confusing;

(b) Proper instructions were not given with regard to the fiduciary duty that arose between the testatrix, her attorney, and her guardian;

(c) The effect of the probate court guardianship proceedings was not correctly explained;[2] and

(d) The jury was not instructed that they could draw any reasonable inferences from the facts and testimony presented.

## I.

Plaintiff's argument basically is that a directed verdict was improper because the evidence when viewed in the light most favorable to plaintiff, the non-moving party, established that the testatrix' signing of her will was the result of undue influence and fraud and misrepresentation and, further, that the testatrix lacked testamentary capability.

At trial, testimony was adduced which stated the following: The deceased told witness LePine that the attorney has his hands out for money. The testatrix wrote her brother that the attorney was taking her for all he could. Testatrix told witness LePine that the attorney and her own brothers and sisters told her that if she made out a will the way they wanted they would see that she got out of the convalescent home. Witness Econom was present when deceased's brother made a similar statement. Testatrix did not like the home. There is testimony that deceased was told that plaintiff had instituted the competency proceedings.[3] We feel that the statements and testimony resulted in a question of fact. In reviewing the ability of the trial court to grant a

---

[2] See *LaForest* v. *Black* (1964), *supra.*
[3] See *LaForest* v. *Black, supra.*

directed verdict, we will view the testimony and all legitimate inferences therefrom in a light most favorable to the plaintiff. *In re Lewandowski's Estate* (1926), 236 Mich 136. Viewed in its most favorable light, the testimony supportive of plaintiff is sufficient to preclude a directed verdict. *In re Wood Estate* (1965), 374 Mich 278. As this Court stated in *Patrick* v. *Pulte-Strang, Inc.* (1967), 8 Mich App 487, 493, 494:

"In a jury trial the jurors are the conclusion-drawers, and the conclusion they reach decides the case if there is any evidence reasonably supporting it. * * * Appellees put selected pieces of the evidentiary puzzle together in a way that would show the absence of negligence; but the question rather is, whether on a favorable view to appellants it is reasonably possible to put them together otherwise. Appellants on their part find the record 'overwhelmingly convincing to establish fault.' It is enough for us to find that it clearly presents a jury question."

A review of the record as demonstrated by plaintiff's references to the transcript establishes that the application of such a rule precludes a directed verdict on the question of undue influence. Sufficient testimony existed, such that if taken favorably to plaintiff was supportive of plaintiff's position. We find further, however, that a review of the record does not reveal any evidence negating the mental capacity of the deceased at the critical time she executed the will. As far as that fact is concerned, a directed verdict was not improper.[4]

## II.

An analysis of the first three aspects of this issue establish that no appealable error occurred. Any

---

[4] See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 530, authors' notes.

objections that plaintiff had were waived by her
failure to make timely objection and by her express
acceptance of instructions. At trial the following
occurred:

*"Court (after concluding the instructions)*: Are
there any other suggestions or questions, gentle-
men?

*"Mr. Gallagher:* Let the record show proponents
are satisfied with the court's charge.

*"Mr. MacWilliams:* Your Honor, just one re-
quest, that the jury be instructed that any reasonable
inference they draw from any facts they should find
would be permissible."

As to the fourth stated objection, (d), plaintiff
did request an instruction regarding reasonable in-
ferences. The court responded: "I think I have al-
ready told them that." However, a reading of the
transcript establishes that the trial judge had not
"already told them that."[5] Plaintiff's acquiescence
in the trial court's accidental misinterpretation
should not work to her detriment.

Reversed and remanded.

---

[5] What the court did say was:

"In determining what the facts are, I charge you, members of
the jury, not to go outside the record in this case. Both counsel
have told you that arguments of counsel are proper. They have a
right to draw from the testimony whatever reasonable inferences
they may wish to draw and present them to you but the arguments
are not testimony. You are to arrive at the facts in this case by
weighing the testimony as it came from the witness stand. That
is the record in this case. The testimony that was allowed by the
court and the exhibits that were allowed in evidence here."