# JANUARY TERM, 1897.*

---

SULLIVAN v. FOLEY.

WILLS—UNDUE INFLUENCE—APPEAL.
Where the conduct of the principal beneficiary in a will, and
of those who were active in her interest in procuring its exe-
cution, tends to show, in view of the condition of testatrix at
the time, that undue influence was exercised, a verdict
setting aside the will, rendered after a correct exposition
of the law applicable to the subject, will not be disturbed on
appeal.

Error to Kent; Grove, J. Submitted January 8, 1897.
Decided March 10, 1897.

Hannah M. Sullivan presented for probate the will of
Mary Foley, deceased. The probate was opposed by
Thomas Foley and Bridget Toole. The will was disal-
lowed in the probate court, and an appeal was taken
to the circuit. From a judgment for contestants, pro-
ponent brings error. Affirmed.

*McCormick & LaGrou* (*Birney Hoyt*, of counsel),
for appellant.

*Taggart, Knappen & Denison*, for appellees.

LONG, C. J. This is a contest over the will of Mary
Foley, deceased. It was executed June 6, 1895, and,
after some charitable bequests, amounting to about
$1,400, $100 to her sister Bridget Toole, and to her
brother Thomas Foley the sum of $10, she gives to
Hannah M. Sullivan specifically her house and lot, as
well as $500 and her household furniture. After the

---

*Continued from Vol. 111.

payment of these specific legacies, Hannah M. Sullivan is given all the rest and residue of the personal property. James Cox was made sole executor. The will was disallowed in the probate court, and the case appealed to the circuit. The probate court found that the will was procured to be made by undue influence. On the trial in the circuit the two questions, undue influence and mental incapacity to make the will, were submitted to the jury, who found in favor of contestants, and set the will aside. It is contended here by counsel for proponent that there was no sufficient evidence upon either branch of the case which warranted the court in submitting the case to the jury. We are not able to agree with counsel in this contention. It would not be profitable to the counsel or the parties to set out the evidence here, and it is of no interest to the profession.

Another contention is that the witnesses, many of them called by the contestants, were permitted to give an opinion of the mental condition of the testatrix without having first stated sufficient grounds upon which such an opinion was based to warrant the court in permitting an opinion to be expressed by the witness. We have carefully examined the testimony given by these witnesses, and are of the opinion that, where such opinions were permitted, the witnesses in each instance gave the reason for the opinion, and stated such facts and circumstances coming under their observation that the court was warranted in admitting the testimony within the rule laid down in *Prentis* v. *Bates*, 93 Mich. 234, and cases there cited.

On the subject of undue influence the court instructed the jury substantially:

1. That the testatrix was at liberty to select at her own discretion the objects of her bounty, and that she was in a better condition than any one else to know what disposition ought to be made of her property.

2. That the jury were not to determine whether the will itself was a proper and suitable one, and that the view of the jury upon that subject must not be allowed to in-

fluence in the least their verdict; that, if testatrix was mentally competent to make the will, she had an undoubted legal right to make it.

3. That undue influence, in order to defeat a will, must amount to force or coercion, and that any influence short of this would not be undue influence.

4. That, in order to establish undue influence, the circumstances must be such as to be inconsistent with any other hypothesis; that undue influence cannot be presumed.

5. That a will cannot be set aside for undue influence unless such influence amounted to constraint too great for the testatrix to resist, and depriving her of free agency.

6. That neither advice nor argument nor persuasion will vitiate a will freely made, even though the will might not have been made but for such advice or persuasion.

7. That persuasions and appeals to the affection, ties of kindred, sentiments of gratitude, or pity for future destitution do not constitute undue influence.

8. That no presumption of undue influence arises from the fact that the testatrix gave her property elsewhere than to her brother and sister.

9. That the fact that the person alleged to have used undue influence had ample opportunity therefor was no evidence that such opportunity was exercised.

10. That the fact that Hannah Sullivan lived with the testatrix for many years raised no presumption of undue influence.

11. That the burden of proof was upon contestants to establish undue influence by a fair preponderance of the evidence.

Certainly the proponent has no just cause of complaint of this part of the charge. The law was properly stated which must govern that question, if there was evidence in the case which supported the contestants' claim. There were many facts and circumstances surrounding the execution of this will which would extend the discussion of this question to unreasonable length if inserted here. It is sufficient to say that the conduct of the proponent and of those who were active in her interest in having the will executed, and the condition of the testatrix at that time, as well as the execution of two former wills, different from the one in question, were

proper to be shown, as bearing upon the question of un-due influence, and were, we think, sufficient for the jury to find that such influence was used in procuring the will to be executed.

Some questions are raised as to the rulings of the court in the admission and rejection of certain testimony upon the trial. We find no error in this part of the case, nor do we find any error in the refusal of the court to give certain requests tendered by the proponent.

Upon the whole record it appears to us that a full and fair trial has been had, and the judgment will be affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred with LONG, C. J. GRANT, J., concurred in the result.