*In re* BRINK ESTATE.

DESTRAMPE *v.* MITCHELL

1. WILLS—EVIDENCE—UNDUE INFLUENCE—MENTAL COMPETENCY—
FORMER WILL—ADMISSIBILITY.

   Former wills of a testator are admissible in evidence when attempting to set aside a will on the ground of mental incompetency or undue influence exercised upon the testator.

2. SAME — EVIDENCE — UNDUE INFLUENCE — MENTAL COMPETENCY —
FORMER WILL.

   Former will of testatrix naming as beneficiaries some of her friends, a cousin, a stepdaughter, and a charitable organization, in addition to her brothers and sisters who were proponents of a later will in which only the proponents were beneficiaries, *held,* material and admissible on the issues of mental incompetence and undue influence in contest of probation of later will.

Appeal from Wayne, Piggins (Edward S.), J. Submitted Division 1 February 9, 1968, at Detroit. (Docket No. 3,511.) Decided May 27, 1968.

Complaint by Alexina Destrampe, Rosemarie Econom, and Geraldine Black against Blanche Mitchell, proponent of the will of Jewel L. Brink, deceased, contesting the validity of the will. Verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*McWilliams & McWilliams,* for plaintiffs.

*Tilden M. Gallagher,* for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur, Wills § 126.
    Admissibility, on issue of testamentary capacity, of previously executed wills. 89 ALR2d 177.

Holbrook, J.  This action contests the validity of
the last will of Jewel L. Brink.  Blanche Mitchell,
appellee, is the proponent for the will of the testatrix
and represents the heirs-at-law, including the broth-
ers and sisters of the deceased.  The contestants-
appellants are Alexina Destrampe, a cousin and
former housekeeper of the deceased; Rosemarie
Econom, a registered nurse and personal friend of
the deceased; and Geraldine E. Black, a step-
daughter of the deceased.

The testatrix, a widow, died March 23, 1965, at
the age of 62.  Her last will, dated May 9, 1961,
was offered in probate and contested primarily on
grounds of mental incompetency and undue influ-
ence.  The matter was certified to the circuit court
for trial, where a jury verdict sustaining the will
was rendered and judgment entered thereon.  Con-
testants' motion for judgment notwithstanding the
verdict, or in the alternative for new trial, was
denied.

In view of our decision herein, the only question
raised on appeal requiring review is as follows:
*Did the trial court err in refusing to admit into
evidence a prior will of the testatrix?*

Contestants offered in evidence at trial a prior
will of the testatrix dated August 18, 1960, as bear-
ing on the issues before the court.  The trial court
sustained the objection by counsel for proponent
to its admission, ruling the prior will inadmissible.

Regarding the admissibility of prior wills, 94 CJS,
Wills, § 245(c), p 1110, states in part as follows:

"In some jurisdictions former wills may be intro-
duced in evidence for the purpose of showing  *  *  *
the harmony or inconsistency of the provisions of
the will in question with such intent being material
in determining whether such will was made freely
or under restraint."

Two Michigan cases support the statement found
in the CJS citation: *Sullivan* v. *Foley* (1897), 112
Mich 1; *Beaubien* v. *Cicotte* (1864), 12 Mich 459.
These cases indicate that Michigan is one of the
jurisdictions where former wills are admissible in
evidence when attempting to set aside a will on the
ground of mental incompetency or undue influence
exercised upon the testator.

"The former wills, and other pecuniary arrange-
ments for Mrs. Beaubien, connected with them, were
properly received in evidence. It is true, of course,
that making one will does not, of itself, render it
at all unlikely that another will may be substituted;
but previous preferences and plans may have a plain
bearing upon an issue, where the question arises
whether the testator has understandingly, and of
his own free will, changed his settled views.   No
case has been cited holding such proof inadmissible.
It is of very frequent occurrence in the cases re-
ported: (Citing cases)." *Beaubien* v. *Cicotte, supra,*
pp 488, 489.

"It is sufficient to say that the conduct of the
proponent and of those who were active in her inter-
est in having the will executed, and the condition of
the testatrix at that time, as well as the execution of
two former wills, different from the one in question,
were proper to be shown, as bearing upon the ques-
tion of undue influence, and were, we think, sufficient
for the jury to find that such influence was used in
procuring the will to be executed." *Sullivan* v.
*Foley, supra,* pp 3, 4.

In *In re Powers Estate* (1961), 362 Mich 222, 240,
Mr. Justice BLACK, dissenting in part, made refer-
ence to the admissibility of former wills as follows:

"Where, as here, a former and fully residuary
testament is revoked by a subsequent like instrument
or instruments, such testament is not entitled to

probate because it is not the testator's final will. Nevertheless, when such former testament is proved for any relevant purpose and the attesting proof is not questioned, it becomes valuable evidence of intention as well as legal testacy. A familiar example is the case where undue influence or fraud is charged in bringing about execution and attestation of an instrument in contest. *Beaubien* v. *Cicotte* (1864), 12 Mich 459, 485; *In re Loree's Estate* (1909), 158 Mich 372, 377; *In re Jennings' Estate* (1952), 335 Mich 241, 246 (per Dethmers, J.); 57 Am Jur, Wills, § 442, p 313, and annotation in 82 ALR 963, headed: 'Admissibility and weight on issue of mental capacity or undue influence in respect of will or conveyance, of instruments previously executed by the person in question.'" (Footnote omitted.)

Also bearing on the issue, a concurring opinion in *In re Landauer's Estate* (1952), 261 Wis 314 (52 NW2d 890), states on p 893 as follows:

"Former wills have been admitted in evidence many times in cases reviewed by this court wherein it was sought to set aside a will on the ground of undue influence. *Will of Bocker* (1918), 167 Wis 100 (166 NW 660); *Will of Boardman* (1922), 178 Wis 517 (190 NW 355); *Will of Link* (1930), 202 Wis 1 (231 NW 177); *Will of Stanley* (1937), 226 Wis 354 (276 NW 353); and *Will of Klofanda* (1949), 254 Wis 186 (36 NW2d 71). See also, the annotation in 82 ALR 963, at pp 968, 970. There is no question but what former wills may constitute material evidence in will contests."

Noting that the contested will named as beneficiaries only the testatrix's brothers and sisters (the proponents) and the former will sought to be introduced named as beneficiaries friends of the testatrix, a cousin, a stepdaughter, and a charitable organization in addition to the proponents, we hold that the former will was material and admissible evidence

on the issues of mental incompetency and undue influence. It should have been admitted.

Reversed and remanded for new trial not inconsistent with this opinion. Costs to appellants.

BURNS, P. J., and PETERSON, J., concurred.