11 Mich. App. 413 (1968)
161 N.W.2d 438
In re BRINK ESTATE.
DESTRAMPE
v.
MITCHELL
Docket No. 3,511.
Michigan Court of Appeals.
Decided May 27, 1968.
McWilliams & McWilliams, for plaintiffs.
Tilden M. Gallagher, for defendants.
*414 HOLBROOK, J.
This action contests the validity of the last will of Jewel L. Brink. Blanche Mitchell, appellee, is the proponent for the will of the testatrix and represents the heirs-at-law, including the brothers and sisters of the deceased. The contestants-appellants are Alexina Destrampe, a cousin and former housekeeper of the deceased; Rosemarie Econom, a registered nurse and personal friend of the deceased; and Geraldine E. Black, a stepdaughter of the deceased.
The testatrix, a widow, died March 23, 1965, at the age of 62. Her last will, dated May 9, 1961, was offered in probate and contested primarily on grounds of mental incompetency and undue influence. The matter was certified to the circuit court for trial, where a jury verdict sustaining the will was rendered and judgment entered thereon. Contestants' motion for judgment notwithstanding the verdict, or in the alternative for new trial, was denied.
In view of our decision herein, the only question raised on appeal requiring review is as follows: Did the trial court err in refusing to admit into evidence a prior will of the testatrix?
Contestants offered in evidence at trial a prior will of the testatrix dated August 18, 1960, as bearing on the issues before the court. The trial court sustained the objection by counsel for proponent to its admission, ruling the prior will inadmissible.
Regarding the admissibility of prior wills, 94 CJS, Wills, § 245(c), p 1110, states in part as follows:
"In some jurisdictions former wills may be introduced in evidence for the purpose of showing * * * the harmony or inconsistency of the provisions of the will in question with such intent being material in determining whether such will was made freely or under restraint."
*415 Two Michigan cases support the statement found in the CJS citation: Sullivan v. Foley (1897), 112 Mich 1; Beaubien v. Cicotte (1864), 12 Mich 459. These cases indicate that Michigan is one of the jurisdictions where former wills are admissible in evidence when attempting to set aside a will on the ground of mental incompetency or undue influence exercised upon the testator.
"The former wills, and other pecuniary arrangements for Mrs. Beaubien, connected with them, were properly received in evidence. It is true, of course, that making one will does not, of itself, render it at all unlikely that another will may be substituted; but previous preferences and plans may have a plain bearing upon an issue, where the question arises whether the testator has understandingly, and of his own free will, changed his settled views. No case has been cited holding such proof inadmissible. It is of very frequent occurrence in the cases reported: (Citing cases)." Beaubien v. Cicotte, supra, pp 488, 489.
"It is sufficient to say that the conduct of the proponent and of those who were active in her interest in having the will executed, and the condition of the testatrix at that time, as well as the execution of two former wills, different from the one in question, were proper to be shown, as bearing upon the question of undue influence, and were, we think, sufficient for the jury to find that such influence was used in procuring the will to be executed." Sullivan v. Foley, supra, pp 3, 4.
In In re Powers Estate (1961), 362 Mich 222, 240, Mr. Justice BLACK, dissenting in part, made reference to the admissibility of former wills as follows:
"Where, as here, a former and fully residuary testament is revoked by a subsequent like instrument or instruments, such testament is not entitled to *416 probate because it is not the testator's final will. Nevertheless, when such former testament is proved for any relevant purpose and the attesting proof is not questioned, it becomes valuable evidence of intention as well as legal testacy. A familiar example is the case where undue influence or fraud is charged in bringing about execution and attestation of an instrument in contest. Beaubien v. Cicotte (1864), 12 Mich 459, 485; In re Loree's Estate (1909), 158 Mich 372, 377; In re Jennings' Estate (1952), 335 Mich 241, 246 (per DETHMERS, J.); 57 Am Jur, Wills, § 442, p 313, and annotation in 82 ALR 963, headed: `Admissibility and weight on issue of mental capacity or undue influence in respect of will or conveyance, of instruments previously executed by the person in question.'" (Footnote omitted.)
Also bearing on the issue, a concurring opinion in In re Landauer's Estate (1952), 261 Wis 314 (52 NW2d 890), states on p 893 as follows:
"Former wills have been admitted in evidence many times in cases reviewed by this court wherein it was sought to set aside a will on the ground of undue influence. Will of Bocker (1918), 167 Wis 100 (166 NW 660); Will of Boardman (1922), 178 Wis 517 (190 NW 355); Will of Link (1930), 202 Wis 1 (231 NW 177); Will of Stanley (1937), 226 Wis 354 (276 NW 353); and Will of Klofanda (1949), 254 Wis 186 (36 NW2d 71). See also, the annotation in 82 ALR 963, at pp 968, 970. There is no question but what former wills may constitute material evidence in will contests."
Noting that the contested will named as beneficiaries only the testatrix's brothers and sisters (the proponents) and the former will sought to be introduced named as beneficiaries friends of the testatrix, a cousin, a stepdaughter, and a charitable organization in addition to the proponents, we hold that the former will was material and admissible evidence *417 on the issues of mental incompetency and undue influence. It should have been admitted.
Reversed and remanded for new trial not inconsistent with this opinion. Costs to appellants.
BURNS, P.J., and PETERSON, J., concurred.